## W. L. EARLES v. THE STATE.

No. 8640.　Decided June 11, 1924.

**Swindling—Indictment—Written Instrument—Rule Stated.**

The rule seems well settled that when a writing forms the basis either in whole or in part of the inducement relied on, in cases of swindling, such writing should be set out in the indictment, and where in the instant case there was such writing, and it was omitted to be averred in the indictment and this writing was introduced in evidence, the judgment must be reversed and the cause remanded. Following: Ferguson v. State, 25 Texas Crim. App., 452, and other cases.

Appeal from the District Court of Wilbarger. Tried below before the Honorable J. V. Leak.

Appeal from a conviction of swindling; penalty, two and one-half years imprisonment in the penitentiary.

The opinion states the case.

*Bonner & Storey*, for appellant.—Cited cases in the opinion.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wilbarger County of swindling, and his punishment fixed at two and one-half years in the penitentiary.

The facts seem amply sufficient to support a conviction for swindling and probably for forgery. By falsely representing that his name was Phillips and that he owned a large farm west of Vernon upon which he had paid five thousand dollars and only owed four thousand dollars, and that he had forty-five hundred dollars worth of horses, cows and machinery upon which he owed nothing, and that he had nine thousand dollars in a bank, and that his income from his work during the previous year had been thirty-five hundred dollars, appellant induced the owner of a new car to sell it to him for one thousand dollars cash and eight monthly notes of $175 each. Appellant gave a check for $1001.50 and executed the notes all in the name of Phillips. He did not have the money in the bank, nor did he own the farm, nor the horses, cows, implements, etc. After he got the car he disappeared and was not seen by the man from whom he got it, for three years.

Mr. Works, the man from whom appellant got the car, testified that after appellant made a verbal statement to him as to his financial condition, he requested appellant to make same in writing which he did, signing it Phillips. This writing was not set out in the indictment, nor is it alleged therein that same was relied on. Upon the trial this written statement was introduced in evidence over appellant's objection, and from the bill of exceptions presenting this complaint we quote:

"A financial statement was made to me at the time I was negotiating that deal, with reference to the ownership of property in this county, and I relied on that statement, as well as the verbal statement, made by the defendant, as to the ownership of the farm, implements, cows, etc."

Bearing in mind the statement contained in this quotation, we observe that the rule seems well settled that when a writing forms the basis either in whole or in part of the inducement relied on, such writing should be set out in the indictment. Ferguson v. State, 25

Texas Crim. App., 452; Hardin v. State, 25 Texas Crim. App., 74; Dwyer v. State, 24 Texas Crim. App., 132; Lively v. State, 74 S. W. Rep., 321. If said writing formed a part of the inducement relied upon by the owner in parting with his property, as he testified it did, it should have been copied in the indictment. Not having been copied in the indictment, the admission of same in evidence constituted a variance which would be fatal to the conviction.

For the error of the admission of said writing in evidence the judgment must be reversed and the cause remanded.

*Reversed and remanded.*